UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DOUGLAS A. LEE, II, Individually & As Administrator of the Succession of Karen Lee & ASHLYNN ESTAY | CIVIL ACTION NO. 24-836 |
| | SECTION E (1) |
| Plaintiffs | JUDGE SUSIE MORGAN |
| V. | MAGISTRATE JUDGE JANE VAN MEERVELD |
| R&R HOME CARE, INC., MEDICAL BROKERS MANAGEMENT, INC., & JAY WEIL, III | |

## PLAINTIFFS' FIRST AMENDING AND SUPERSEDING COMPLAINT

1)     Douglas A. Lee, II and Ashlynn Estay ("Plaintiffs"), descendants of the late Karen Lee, bring this action pursuant to the Employee Retirement Income Security Act ("ERISA") and Louisiana law against Defendants R&R Home Care, Inc. ("R&R"), Medical Brokers' Management, Inc., ("Medical"), and Jay Weil, III ("Weil") for certain acts and omissions in connection with Karen Lee's employer-provided life insurance. Douglas A. Lee, II, brings this action individually, as an ERISA beneficiary, and as administrator of the Succession of Karen Lee. Ashlynn Estay brings this action individually as an ERISA beneficiary.

2)     At the time of her death in 2022, Karen Lee was employed by Medical. Upon information and belief, at previous points in the past, she had been employed by Home Care doing similar work to the work she did was doing with Medical at the time of her death. Based upon information and belief, Karen Lee had employer-provided life insurance with both R&R and Medical during her employment with both entities. Both R&R and Medical are alter-egos of each other, as they are engaged in a similar business, have common ownership, and employees and

1

insurance coverage were transferred between the two entities. To make things more complicated, Medical has a trade name with the Louisiana Secretary of State called "R&R Care Solutions." The life insurance policy that Karen Lee believed she was covered by at the time of her death was issued to R&R Care Solutions.

3) Defendant Weil, an owner of both R&R and Medical, is liable under ERISA and Louisiana law for the acts and omissions complained of in this petition, both as an ERISA fiduciary and otherwise, as relevant correspondence was addressed directly to him, he was responsible for making sure insurance coverage followed employees from entity to entity, and he was responsible for making sure employees were receiving the coverage they were paying for.

4) This Court has personal jurisdiction over R&R, Medical, and Weil, as all reside in this district. The Court has subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship. The Court has ancillary jurisdiction over Plaintiff's state law claims.

5) Venue is proper in this Court in that the ERISA plans at issue were administered in this district and the Defendants' breach of their ERISA obligations took place in this district.

6) Plaintiffs have standing to bring this action as they are beneficiaries under the ERISA plans that exist or existed for R&R and Medical. Douglas A. Lee, II, as administrator of the Succession of Karen Lee, has standing to bring any ERISA claims that may have been asserted by Karen Lee as a participant and any Louisiana law claims that may have been asserted by Karen Lee.

7) Plaintiff Doulas A. Lee, II is domiciled in Lafayette Parish, Louisiana. Plaintiff Ashlynn Estay is domiciled in St. Charles Parish, Louisiana. Defendants R&R, Medical, and Weil are domiciled in St. Tammany, Parish, Louisiana.

## FACTS

8)      Before her death on September 18, 2022, Karen Lee was an employee of Medical. Medical deducted insurance premiums from her paychecks for basic and voluntary life insurance coverage, leading her to believe her life was insured for $115,000, the sum of the basic and voluntary life insurance coverage. Medical deducted insurance premiums from her pay up until her death.

9)      R&R and/or Medical secured insurance for Karen Lee through United of Omaha Life Insurance Company with a policy issued to R&R Care Solutions, a trade name of Medical. The Group group insurance coverage was terminated by United of Omaha in effective March 1, 2022, because the policyholder company no longer met United of Omaha's underwriting guidelines. Weil received notice of this termination and notice that group members had the option to port their group coverage into an individual policy (Exhibit 1). Neither Weil nor any other person at either R&R or Medical notified Karen Lee of the termination or the option to port her coverage to an individual policy. Medical continued to deduct life insurance premiums from Karen Lee's paycheck until the time of her death, leading her to believe she still had coverage.

10)     Upon information and belief, the Defendants' failure to notify Karen Lee that the United of Omaha life insurance was being terminated deprived her of the opportunity to port the coverage and continue with the coverage in place. In addition, the failure to notify her deprived her of the opportunity to make other arrangements for her heirs. She likely could have obtained some coverage for the premiums that were being deducted from her paycheck. Instead, she was left with none.

11)     Weil's actions and inactions in this case justify the imposition of personal liability under ERISA and through the piercing of the corporate veil. In addition, upon information and belief,

Weil did not observe the proper corporate formalities and failed to operate R&R and Medical as separate entities. In this case, the operation of the ERISA plans and the personal finances of Weil are intertwined, as he used the ERISA plans to provide coverage for himself and his family. Whether or not Weil made other arrangements for life insurance for himself and his family, he failed to do the same for Karen Lee.

12) The imposition of alter-ego and personal liability is appropriate in this case based on the unique facts of this case and based on the fact that to limit liability to one corporation in this case would frustrate the purposes of ERISA, which Congress enacted to safeguard the employer-sponsored retirement and insurance plans of employees. In this case, Weil was personally involved in the ERISA plans under both R&R and Medical and was personally involved in the acts and omissions that give rise to Plaintiffs' claims in this case.

13) While Plaintiffs argue Weil has individual liability as a fiduciary under ERISA, even if he does not, he should be held personally liable for the fiduciary breaches and other actions of R&R and Medical because he failed to observe corporate formalities, failed to keep the two companies separate, and failed to keep his family's personal affairs separate from these businesses.

14) Defendants failed to provide Karen Lee with an accurate summary plan description as required by ERISA. Upon information and belief, Defendants have no record of providing Karen Lee with a summary plan description describing her benefits, the options for portability, and the conditions of the termination of coverage. This is a breach of fiduciary duty under ERISA.

15) Defendants were negligent in collecting premiums from Karen Lee's paycheck for a life insurance coverage policy issued to R&R Care Solutions when the coverage was for employees of Medical, calling into question whether the insurance company that provided life coverage in

2021, United of Omaha, would have paid a claim had Karen Lee died while the coverage was in place in 2021.

16) Before filing suit, counsel for Plaintiffs requested plan documentation related to Karen Lee's coverage. Counsel for Defendants made clear Defendants considered Karen Lee to be covered by the United of Omaha life insurance policy issued to Medical. Defendants provided a 2021 plan document, but no separate summary plan description. In addition, Defendants provided correspondence addressed to Weil from United of Omaha stating that coverage would be cancelled due to a change in underwriting guidelines. Attached to this correspondence was a sample letter to employees notifying employees of the termination and explaining options for portability. No Defendant provided Karen Lee any notice about life coverage termination or options for portability into an individual policy.

**COUNT ONE:  ERISA § 502(a)(3) BREACH OF FIDUCIARY DUTY CLAIM AGAINST MEDICAL BROKERS' MANAGEMENT, INC.**

17) ERISA § 502(a)(3) provides a cause of action for negligent and/or intentional breach of fiduciary duty causing a loss to an ERISA participant or beneficiary. Plaintiffs make claims against Medical under ERISA § 502(a)(3) due to: a) failure to notify Karen Lee her life insurance had been terminated; b) failure to institute systems to prevent the collections of premiums for coverage for which no longer exists; c) collecting premiums from Karen Lee's paychecks until the time of her death even though the coverage had been terminated (without notifying her of the termination); d) failing to provide Karen Lee with an accurate summary plan description giving her options for coverage portability; e) failing to attempt to attain new life coverage for Karen Lee after the United of Omaha coverage was terminated; f) failing to obtain life coverage that actually covered 2021 employees of Medical like Karen Lee; and  g) failing to notify Karen Lee of portability options when the coverage was terminated.

18) Plaintiffs have been damaged by these acts and omissions because they have been deprived of life insurance payments as beneficiaries. Douglas A. Lee, II, as administrator of the Succession of Karen Lee asserts any ERISA claims for breach of fiduciary duty that may have been brought by Karen Lee. Karen Lee was lulled into a false sense of security by the Defendants. She reasonably believed she continued to have coverage.

19) Medical is a default plan sponsor under 26 CFR § 1.414(g)-1(b)(1), as it was Karen Lee's employer at the time she was provided life insurance coverage. Further, Medical is a fiduciary under ERISA because it had the responsibility to provide an accurate summary plan description to employees for whom they deducted life insurance premiums from paychecks. Medical exercised fiduciary responsibility under the plan because it exercised control over ERISA plan assets including collected premiums, had the obligation (as opposed to United of Omaha) to provide plan participants plan documents (including summary plan description) and notice of termination and portability rights. Medical also exercised fiduciary responsibility by affirmatively representing to Karen Lee that she had life insurance coverage and by assuming responsibility for obtaining the actual life insurance coverage through an insurance company.

20) Medical engaged in fiduciary functions when it provided Karen Lee with plan enrollment paperwork, maintained plan documents, and deducted premiums from Karen Lee's paychecks.

21) The 2021 plan document designates R&R Care Solutions (in fact Medical) as the benefits responsible for helping insureds to submit claims, which is a discretionary fiduciary function (Rec. Doc. 13-2, p. 23). Clearly, the plan document contemplates Medical performing some of these fiduciary roles, including answering questions about benefits and submitting claim documents *Id.* Further, United of Omaha was clearly relying on R&R, Weil, and Medical to notify participants that insurance under the Mutual of Omaha policy was no longer in place,

22) The plan document designates R&R Home Care Solutions (trade name of Medical) as the Benefits Administrator of the Plan.

23) Plaintiffs seek all available equitable remedies available to them arising from their ERISA § 502(a)(3) claim, including but not limited to surcharge in the amount lost due the breaches claimed and a formal accounting of all premiums collected and accepted.

24) Plaintiffs make a claim for ERISA estoppel against Medical, as Karen Lee reasonably relied on the existence of life coverage based on Medical's statements and on the fact premiums continued to be deducted to her paychecks, she relied on these representations to her detriment, and she suffered damage due to this reliance. Medical should therefore be estopped from stating no coverage was in place and Lee and her beneficiaries are not eligible for any life insurance proceeds. United of Omaha cannot be held responsible for the life insurance proceeds because it properly and validly decided not to renew the policy for 2022. The obligation was on Medical to notify its employees they were no longer covered and failed to do so.

### COUNT TWO: ERISA § 502(a)(3) BREACH OF FIDUCIARY DUTY CLAIM AGAINST R&R HOME CARE, INC.

25) ERISA § 502(a)(3) provides a cause of action for negligent and/or intentional breach of fiduciary duty causing a loss to an ERISA participant or beneficiary. Plaintiffs make claims against R&R under ERISA § 502(a)(3), both as an alter-ego of Medical and Weil and in its own right due to: a) failure to notify Karen Lee her life insurance had been terminated; b) collecting premiums from Karen Lee's paychecks for a policy until the time of her death even though the coverage had been terminated (without notifying her of the termination); c) failing to provide Karen Lee with an accurate summary plan description of the coverage and options for coverage portability; and d) failing to notify Karen Lee of portability options when the coverage was terminated.

26) Owners and/or employees of R&R were responsible for relating to Karen Lee information about its coverage, or its absence, as well as the options for portability, giving rise to ERISA fiduciary liability on the part of R&R.

### COUNT THREE:  ERISA § 502(a)(3) BREACH OF FIDUCIARY DUTY CLAIM AGAINST JAY WEIL

27) ERISA § 502(a)(3) provides a cause of action for negligent and/or intentional breach of fiduciary duty causing a loss to an ERISA participant or beneficiary. A fiduciary under ERISA can be anyone who assumes fiduciary obligations and exercises discretionary obligations under an ERISA plan. Plaintiffs make claims against Weil under ERISA § 502(a)(3) due to: a) failure to notify Karen Lee her life insurance under the R&R policy had been terminated even though the termination letter was addressed to him; b) representing to Karen Lee that she had life insurance coverage, c) choosing to provide Karen Lee coverage through a policy issued to R&R Care Solutions even though Karen Lee was a Medical employee in at least the years 2021 and 2022; and d) failing to notify Karen Lee of portability options when the United of Omaha Life Insurance Company was terminated in 2022.

28) Weil is a fiduciary under ERISA because he exercised fiduciary responsibility under Karen Lee's life insurance plan. He had the obligation to provide plan participants notice of termination and portability rights because United of Omaha's letter explaining termination and portability rights was addressed to him. Weil exercised fiduciary responsibility by affirmatively representing to Karen Lee that she had life insurance coverage and by assuming responsibility for obtaining the actual life insurance coverage through an insurance company. Weil also exercised discretion in how life insurance would be obtained for employees of R&R and Medical, both companies he owned.

29) Plaintiffs seek all available equitable remedies available to them arising from their ERISA § 502(a)(3) claim, including but not limited to surcharge in the amount lost due the breaches claimed and a formal accounting of all premiums collected and accepted.

30) Plaintiffs make a claim for ERISA estoppel against Weil, as Karen Lee reasonably relied on the existence of life coverage based on Weil's statements and the fact premiums continued to be deducted from her paychecks. She relied on these representations to her detriment, and she suffered damage due to this reliance. Weil should therefore be estopped from stating no coverage was in place and Lee and her beneficiaries are not eligible for any life insurance proceeds.

## COUNT FOUR:  ATTORNEYS' FEES AND COSTS UNDER ERISA

31) Under the standards applicable to ERISA, Plaintiffs deserve to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to ERISA § 502(g)(1), as Defendants can satisfy the award and the award of attorneys' fees against the Defendants will deter the Defendants and similarly-situated ERISA fiduciaries from similar breaches of their duties and the law. Plaintiffs made amicable demand before filing this suit and were forced to hire an attorney to vindicate their rights.

## COUNT FIVE:  STATE LAW BREACH OF FIDUCIARY DUTY

32) Douglas A. Lee, II, as administrator of the Succession of Karen Lee, asserts a claim against R&R, Medical, and Weil for breach of fiduciary duty under Louisiana law. These Defendants acted as fiduciaries by taking Plaintiff's premiums from her paycheck and, at least for a time, failing to remit those premiums to any insurance company and keeping those premiums for themselves. The decision to continue deducting premiums from Karen Lee's paychecks without any insurance coverage in place was fraudulent, and it amounts to a

conversion of an employee's assets, an employee to whom Defendants owed fiduciary duties of loyalty and fair dealing.

### COUNT SIX:  STATE LAW BREACH OF CONTRACT

33) Douglas A. Lee, II, as administrator of the Succession of Karen Lee, asserts a claim against R&R, Medical, and Weil for breach of contract under Louisiana law. Karen Lee paid premiums to the Defendants in the form of deductions from her paycheck for insurance, and that insurance was not actually provided. Karen Lee and the Defendants agreed on a price for a thing – insurance coverage – and Karen Lee performed her obligations under the contract between her and Defendants. However, Defendants, by failing to obtain life insurance coverage for 2022, failed in their obligations under the contract.

### COUNT SEVEN:  STATE LAW DETRIMENTAL RELIANCE

34) Douglas A. Lee, II, as administrator of the Succession of Karen Lee, asserts a claim against R&R, Medical, and Weil for detrimental reliance under Louisiana law. Karen Lee relied on the explicit promise that she was being provided life insurance based on Defendants' representations and the premiums deducted from her paycheck. Karen Lee reasonably relied on that promise to her detriment, because she did not make any other life insurance arrangements for her heirs to replace the employer-provided coverage. Therefore, Defendants are liable under Louisiana law for detrimental reliance.

### PRAYER FOR RELIEF

35)   WHEREFORE, the Plaintiffs respectfully prays that the Court:

    a.   Award Plaintiffs equitable surcharge in the amount equal to the benefits lost by Defendants' breaches of fiduciary duty;

    b.   Order Defendants to provide an accounting of all premiums collected and accepted

by the Defendants under Karen Lee's life insurance plan;

     c.    Award Plaintiffs damages to remedy losses due to breach of fiduciary duty, breach of contract, and detrimental reliance under Louisiana law;

     d.    Award Plaintiffs the costs of this action and reasonable attorneys' fees; and

     e.    Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin, Jr.
DAVID C. PELLEGRIN, T.A. (La. Bar #34957)
3500 North Hullen St.
Suite 17D
Metairie, LA 70002
dpellegrin@pellegrinfirm.com
Phone: (504) 405-3245
Fax: 1-866-651-8738

Attorney for Plaintiffs, DOUGLAS A. LEE, II,
Individually & As Administrator of the Succession of
Karen Lee & ASHLYNN ESTAY

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of February, 2025, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's electronic system.

                                            **/s/ David C. Pellegrin, Jr.**