UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOUGLAS A. LEE, ET AL.,**<br>    **PlaintiffS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-836** |
| **R&R HOME CARE, INC., ET AL.,**<br>    **Defendants** | **SECTION: "E" (1)** |

### ORDER AND REASONS

The Court ordered David C. Pellegrin, counsel for Plaintiffs Douglas Lee, II and Ashlynn Estay (collectively, "Plaintiffs"), to appear to show cause as to why he should not be sanctioned for his failure to comply with Federal Rule of Civil Procedure 11(b)(2). Specifically, Mr. Pellegrin signed and filed a memorandum in opposition[1] to a motion to dismiss[2] filed by Defendants Medical Brokers Management, Inc., R&R Home Care, Inc., and Jay Weil, III (collectively, "Defendants"), without verifying the accuracy of a quotation and the citation of a case contained in the memorandum. Mr. Pellegrin appeared before the Court on Wednesday, August 27, 2025, at 11:00 a.m.[3]

### BACKGROUND

On March 27, 2025, Defendants filed a motion to dismiss.[4] On May 27, 2025, Plaintiffs filed an opposition to Defendants' motion to dismiss.[5] In reviewing that opposition, the Court identified a suspicious citation and a suspicious quote.

The suspicious citation is Mr. Pellegrin's citation to *Roman Catholic Church of Archdiocese of New Orleans v. Louisiana Health Serv. & Indem. Co.*, No. 20-1361, 2021

---

[1] R. Doc. 25.
[2] R. Doc. 23.
[3] R. Doc. 35.
[4] R. Doc. 23.
[5] R. Doc. 25.

1

WL 1080684, at *10 (E.D. La. Mar. 18, 2021). Mr. Pellegrin cited *Roman Catholic Church* for the proposition that "when corporate entities are so interrelated that they effectively operate as one, alter-ego liability is appropriate to prevent injustice."[6] However, the Court's research did not reveal any case captioned *Roman Catholic Church of Archdiocese of New Orleans v. Louisiana Health Serv. & Indem. Co.* In our court, the citation "20-1361" corresponds to *Urbina v. South Building Services, LLC, et al.*,[7] not *Roman Catholic Church*. Likewise, the Westlaw citation "2021 WL 1080684" corresponds to *United States v. Bacon*,[8] not *Roman Catholic Church*. Neither *Urbina* nor *Bacon* discusses when it is appropriate to impose alter-ego liability.

The suspicious quotation is the statement Mr. Pellegrin attributed to *Hermann Hospital v. MEBA Medical & Benefits Plan*.[9] Specifically, he cited *Hermann* for the proposition that "[a] fiduciary has a duty not only to inform a beneficiary of new and relevant information as it arises, but also to advise him of material facts affecting his interest in the plan."[10] Although *Hermann* is a published opinion of the United States Court of Appeals for the Fifth Circuit,[11] the quoted language does not appear in *Hermann* or in any other case the Court has been able to locate.

On July 28, 2025, the Court issued an order setting oral argument on Defendants' Motion to Dismiss and directed Mr. Pellegrin to be prepared to discuss the source of the suspicious citation and suspicious quotation.[12] On August 4, 2025, the Court held oral argument on Defendants' Motion to Dismiss.[13] At the oral argument, Mr. Pellegrin made

---

[6] R. Doc. 25, at pp. 11-12.
[7] No. 20-1361 (E.D. La. May 4, 2020).
[8] No. 11-42, 2021 WL 1080684 (W.D. Pa. Mar. 19, 2021).
[9] 959 F.2d 569, 575 (5th Cir. 1992).
[10] R. Doc. 25, at p. 5.
[11] 959 F.2d 569 (5th Cir. 1992).
[12] R. Doc. 26.
[13] R. Doc. 28.

an appearance for Plaintiffs.[14] After argument, the Court placed Mr. Pellegrin under oath and questioned him regarding the source of the suspicious citation and suspicious quotation.[15] Mr. Pellegrin stated that he used Google Gemini, a generative AI platform, in drafting the brief. Mr. Pellegrin acknowledged that he was aware AI can produce hallucinations and admitted that he failed to verify the accuracy of the sources cited in the opposition before submitting it to the Court.

On August 4, 2025, the Court ordered Mr. Pellegrin to "appear on Wednesday, August 27, 2025, at 11:00 a.m., and show cause as to why he should not be sanctioned for his failure to comply with Federal Rule of Civil Procedure 11(b)(2)."[16] On August 19, 2025, Mr. Pellegrin filed a motion requesting the Court allow counsel to enroll on his behalf "for the limited purposes of [the] Court's Show Cause Order."[17] The Court granted the Motion to Enroll and permitted Mr. Pellegrin's newly enrolled counsel leave to file a pre-hearing brief.[18] Mr. Pellegrin's pre-hearing brief was then promptly filed into the record.[19]

In his pre-hearing brief, Mr. Pellegrin argues that his situation is comparable to that confronted by the Eastern District of New York in *Benjamin v. Costco Wholesale Corporation*.[20] In *Benjamin*, counsel used an AI platform to draft a brief that contained multiple fabricated case citations.[21] The Court sanctioned the attorney, noting that although she expressed regret, had never previously used AI for drafting, and undertook CLE training, a $1,000 sanction was still necessary to deter future misconduct.[22]

---

[14] *Id.*
[15] *Id.*
[16] R. Doc. 27.
[17] R. Doc. 29.
[18] R. Doc. 32; R. Doc. 31.
[19] R. Doc. 30.
[20] 779 F.Supp.3d 341 (E.D.N.Y. Apr. 24, 2025).
[21] *Id.* at 342.
[22] *Id.* at 346-47.

3

However, the Court declined to refer her to a disciplinary body, finding such a sanction "unnecessary under the circumstances."[23]

Mr. Pellegrin also argues his conduct is distinguishable from that addressed by this Court in *Nora v. M & A Transport*,[24] in which counsel was sanctioned for filing a motion containing three inaccurate citations and misrepresenting their source to the Court. In *Nora*, the Court imposed a $1,000 sanction, required the attorney to attend CLE on AI, and referred her to the disciplinary committee of the Eastern District of Louisiana.[25] Mr. Pellegrin argues that his conduct warrants a less severe sanction than that imposed in *Nora* as his brief contained only two inaccurate citations, he was forthcoming about his use of AI, and he expressed remorse.[26]

Mr. Pellegrin further argues that the harm caused by his inaccurate citation and quotation was limited because, although the citations and quotations were not accurate as cited, the underlying legal contentions were nonetheless warranted by existing Fifth Circuit and Louisiana law.[27]

Finally, Mr. Pellegrin identified several mitigating factors, including his twelve years of practice as a Louisiana lawyer without prior discipline; the serious personal health issues he faced during the briefing period;[28] his candor with the court; and the remedial steps he has since taken—completing CLE training on ethical AI use, reviewing

---

[23] *Id.* at 351.
[24] 25-1015, 2025 WL 2337132 (E.D. La. Aug. 13, 2025).
[25] *Id.*
[26] R. Doc. 30, at p. 8.
[27] *Id.* at pp 8-12. The Defendants disagree with this assertion. R. Doc. 38.
[28] At the show cause hearing, Mr. Pellegrin informed the Court that he was hospitalized from May 2 to May 8. However, the brief was not due, and in fact was not filed, until two and a half weeks later, on May 27. R. Doc. 27.

the Louisiana State bar Association's public opinion on lawyers' use of technology, and reading additional articles on ethical AI use in the legal field.[29]

On August 27, 2025, the Court held a show cause hearing for Mr. Pellegrin.[30]

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 11 governs the signing of pleadings, motions, and other papers, representations to the Court, and sanctions. Rule 11(b) states that

> (b) By presenting to the court a pleading, written motion, or other paper-- whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances
>
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.[31]

Pursuant to Rule 11(c)(1), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Pursuant to Rule 11(c)(3), "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."[32] Pursuant to Rule 11(5)(B), "[t]he court must not impose a monetary sanction . . . on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned."[33]

---

[29] R. Doc. 30, at pp. 14-15.
[30] R. Doc. 35.
[31] FED. R. CIV. P. 11(b)(2).
[32] *Id.* at (c)(3).
[33] *Id.* at (5)(B).

5

## LAW AND ANALYSIS

Before sanctioning an attorney, the Court must comply with the mandates of due process which demand that the party subject to potential sanctions receive notice and an opportunity to be heard.[34] The Court ordered Mr. Pellegrin into Court on August 27, 2025, to show cause why he should not be sanctioned.[35] The Court provided Mr. Pellegrin notice and an opportunity to be heard.

The Court finds Mr. Pellegrin's conduct is in violation of Rule 11(b)(2). In determining whether an attorney has complied with Rule 11, courts apply "an objective, not a subjective, standard of reasonableness."[36] "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts."[37] "At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely."[38]

Mr. Pellegrin signed and filed Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss[39] without verifying the accuracy of a citation and quotation contained in his brief. Mr. Pellegrin violated Rule 11(b)(2) by citing to a fabricated, AI-generated case without confirming the accuracy, or even the existence, of the case.[40] He also violated Rule 11(b)(2) by representing that a quotation was accurate when the language did not appear in the cited case or in any other case located by the

---

[34] *Id.* at (c).
[35] R. Doc. 27; R. Doc. 35.
[36] *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016) (citing *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc)).
[37] *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).
[38] *Gauthier v. Goodyear Tire & Rubber Co.*, No. 23-00281, 2024 WL 4882651, at *2 (E.D. Tex. Nov. 25, 2024) (first quoting *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024); then citing *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 448 (S.D.N.Y. 2023)).
[39] R. Doc. 25.
[40] *Id.* at pp. 11-12.

Court.[41] Mr. Pellegrin admitted these violations of Rule 11 at the show cause hearing held on August 27, 2025.

The Court rejects Mr. Pellegrin's argument that the submission of a fabricated case and quotation is less harmful when the underlying legal contentions are otherwise accurate.[42] The submission of any false authority undermines the Court's confidence in counsel's work and forces the Court to expend significant resources addressing the misconduct. The Court also rejects Mr. Pellegrin's contention that his personal history, remorse, and subsequent efforts to educate himself on ethical AI use justify his conduct. While these factors are relevant to the severity of the sanction, they do not excuse Mr. Pellegrin's conduct or eliminate the need for a sanction to promote respect for the Court and deter repetition. The Court, however, does commend Mr. Pellegrin's candor and his efforts to educate himself on ethical AI use. The Court has considered these mitigating factors in the imposition of the sanction.

Accordingly,

**IT IS ORDERED** that David C. Pellegrin is personally **SANCTIONED** for his conduct in this case in the amount of $1,000.[43] This amount must be paid by Mr. Pellegrin *personally* and may not be paid for by his law firm or the Plaintiffs.

**IT IS FURTHER ORDERED** that the sanction is to be paid by **Thursday, September 25, 2025,** at **5:00 p.m.** to:

> Clerk, United States District Court
> Eastern District of Louisiana
> 500 Poydras Street, Room C151
> New Orleans, Louisiana 70130

---

[41] *Id.* at p. 5.
[42] The Court makes no finding on the accuracy of the legal contentions cited by Mr. Pellegrin in his pre-hearing brief.
[43] The Court may impose a monetary sanction pursuant to Rule 11(5)(B), as it issued the show cause order before the voluntary dismissal or settlement of the claims in this case.

**IT IS FURTHER ORDERED** that Mr. Pellegrin is **REFERRED** to the Disciplinary Committee of the United States District Court for the Eastern District of Louisiana in accordance with the Eastern District's Rules for Lawyer Disciplinary Enforcement.

**New Orleans, Louisiana, this 28th day of August, 2025.**

                                                    **SUSIE MORGAN**
                                      **UNITED STATES DISTRICT JUDGE**