# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**DOUGLAS A. LEE, ET AL.,**                  **CIVIL ACTION**
    **Plaintiffs**

**VERSUS**                               **NO.  24-836**

**R&R HOME CARE, INC., ET AL.,**          **SECTION: "E" (1)**
    **Defendants**

## ORDER AND REASONS

Before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6) filed by Defendants Medical Brokers Management, Inc. ("Medical"), R&R Home Care, Inc. ("R&R"), and Jay Weil, III (collectively, "Defendants").[1] Defendants seek dismissal of Plaintiffs' claims against Medical, R&R, and Mr. Weil for (1) violations of the Employee Retirement Income Security Act of 1974 ("ERISA"); and (2) Louisiana state law claims for breach of fiduciary duty, breach of contract, and detrimental reliance.[2] Plaintiffs Douglas Lee, II, individually as an ERISA beneficiary and as administrator of the succession of Karen Lee, and Ashlynn Estay, individually as an ERISA beneficiary, (collectively, "Plaintiffs"), filed an opposition to the motion to dismiss.[3]

---

[1] R. Doc. 23; Fed R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

[2] *See* R. Doc. 23.

[3] R. Doc. 25; R. Doc. 36 (substituting pleading at R. Doc. 33-2). Defendants also filed a response to arguments raised in Plaintiffs' counsel's pre-hearing brief concerning Rule 11 sanctions against him. *See* R. Doc. 38; R. Doc. 30. In that response, Defendants' counsel argued that Plaintiffs' counsel improperly addressed the merits of the case while attempting to explain why sanctions were unwarranted. R. Doc. 38, at pp. 1-2. In its order sanctioning Mr. Pellegrin, the Court made no finding on the accuracy of Plaintiffs' counsel's legal arguments and did not consider those arguments while deciding the present motion. R. Doc. 39 at p. 7, n. 42.

## Factual Background

On April 3, 2024, Plaintiffs initiated this suit against Defendants.[4] In Plaintiffs' first amended complaint, they allege that "[b]efore her death on September 18, 2022, Karen Lee was an employee of Medical."[5] Plaintiffs allege that R&R and Medical are alter-egos of one  another, and that Medical has registered the trade name "R&R Care Solutions" with the Louisiana Secretary of State.[6] Plaintiffs allege that "R&R and/or Medical secured insurance for Karen Lee through United of Omaha Life Insurance Company with a policy ("the Plan") issued to R&R Care Solutions, a trade name of Medical."[7] Plaintiffs allege that the "group insurance coverage was terminated by United of Omaha [on] March 1, 2022, because the policyholder company no longer met United of Omaha's underwriting guidelines."[8]

Plaintiffs further allege that Mr. Weil "received notice of this termination and notice that group members had the option to port their group coverage into an individual policy."[9] Plaintiffs allege that, nevertheless, Defendants failed to notify "Karen Lee of the termination or the option to port her coverage to an individual policy."[10] Plaintiffs allege that despite this termination, Defendants "continued to deduct life insurance premiums from Karen Lee's paycheck until the time of her death, leading her to believe she still had coverage."[11] Plaintiffs allege that the failure to notify Karen Lee of the termination of her coverage "deprived her of the opportunity to port the coverage and continue with the

---

[4] R. Doc. 1.
[5] R. Doc. 22 at ¶ 8, p. 3.
[6] *Id.* at ¶ 2, pp. 1-2.
[7] *Id.* at ¶ 9, p. 3.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

coverage in place" and also "deprived her of the opportunity to make other arrangements for her heirs."[12]

Plaintiffs allege that "Defendants provided correspondence addressed to [Mr.] Weil from United of Omaha stating that coverage would be cancelled due to a change in underwriting guidelines. Attached to this correspondence was a sample letter to employees notifying employees of the termination and explaining options for portability."[13] Nevertheless, Plaintiffs allege that "[n]o Defendant provided Karen Lee any notice about life coverage termination or options for portability into an individual policy."[14] Finally, Plaintiffs allege "Defendants failed to provide Karen Lee with an accurate summary plan description as required by ERISA."[15]

## **Procedural Background**

On July 18, 2024, Defendants filed their first motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim.[16] Defendants argued that Plaintiffs' complaint failed to plausibly allege Defendants acted as ERISA fiduciaries and that Plaintiffs' state law breach of fiduciary duty claim had prescribed.[17] In response, Plaintiffs requested leave to amend their complaint.[18] On February 13, 2025, the Court granted Plaintiffs leave to file an amended complaint and ordered that it be filed by February 27, 2025.[19] Plaintiffs failed to meet this deadline but, on February 28, 2025, requested leave to file their amended complaint one day late, citing technical difficulties.[20] On March 5, 2025, the Court granted

---

[12] *Id.* at ¶ 10, p. 3.
[13] *Id.* at ¶ 16, p. 5.
[14] *Id.*
[15] *Id.* at ¶ 14, p. 4.
[16] R. Doc. 13.
[17] *See generally id.*
[18] R. Doc. 15 at p. 11.
[19] R. Doc. 19.
[20] R. Doc. 20.

Plaintiffs' request, and the amended complaint was filed the same day.[21] As a result, the Court denied Defendants' first motion to dismiss without prejudice.[22] Defendants subsequently filed the motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) now before the Court.[23]

**LEGAL STANDARD**

### I. Rule 12(b)(1) standard

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[24] Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[25] This statute allows district courts to exercise jurisdiction over state law claims that are sufficiently related to federal claims to form part of the same case or controversy.

A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[26] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[27] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[28]

---

[21] R. Doc. 21; R. Doc. 22.
[22] R. Doc. 21.
[23] R. Doc. 23.
[24] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[25] 28 U.S.C. § 1367(a).
[26] *See* FED. R. CIV. P. 12(b)(1).
[27] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[28] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

"Moreover, courts, including this Court, have an independent obligation to determine whether subject matter jurisdiction exists."[29] "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."[30]

## II.    Rule 12(b)(6) standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[31] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[32] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[33] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[34] Indeed, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[35] However, in assessing the complaint, the Court must accept all well-pleaded factual allegations as true

---

[29] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).
[30] *Id.*
[31] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[33] *Id.*
[34] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[35] *Iqbal*, 556 U.S. at 678 (citations omitted).

and must liberally construe all such allegations in the light most favorable to the plaintiff.[36]

   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[37] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[38] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[39] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[40] However, "[m]otions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'"[41] Whether a plaintiff "will be able to offer sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to dismiss.[42] "[I]ntensive disputes of material fact . . . are usually more appropriate for summary judgment . . . ."[43]

   When considering a Rule 12(b)(6) motion to dismiss, the Court is generally limited to reviewing (1) the facts set forth in the complaint, (2) documents attached to the compliant, and (3) matters of which judicial notice may be taken under Federal Rule of

---

[36] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

[37] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

[38] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

[39] *Iqbal*, 556 U.S. at 679.

[40] *Cutrer v. McMillan*, 308 Fed.Appx. 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).

[41] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)).

[42] *Smith v. GE Healthcare, Inc.*, No. 3:19-CV-00492, 2019 WL 4565246, at *7 (W.D. La. Sept. 4, 2019).

[43] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. CV 21-1109, 2022 WL 898750, at *5 (E.D. La. Mar. 28, 2022).

Evidence 201.[44] However, "[w]hen a defendant attaches documents to its motion that are referred to in the complaint and are central to the plaintiff's claims, the court may also properly consider those documents."[45] "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[46]

## LAW AND ANALYSIS

I.    **Count One: The motion to dismiss Plaintiffs' claims for breach of fiduciary duty against Medical seeking surcharge and accounting under 29 U.S.C. § 1132(a)(3) will be granted in part and denied in part.**

Plaintiffs allege that Medical, in its capacity as plan administrator, breached its fiduciary duties to Ms. Lee and seek, on behalf of the Succession and individually as beneficiaries, equitable remedies of surcharge and accounting under 29 U.S.C. § 1132(a)(3).[47]

Congress enacted ERISA to protect participants and beneficiaries of employee benefit plans and to ensure them appropriate remedies and access to federal courts.[48] ERISA accomplishes this purpose in part by imposing fiduciary duties on certain plan administrators and on those who exercise discretionary authority over a plan.[49] A fiduciary "who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by [ERISA] . . . shall be subject to such other equitable or remedial relief as the court may deem appropriate."[50] Under 29 U.S.C. § 1132(a)(3), participants and

---

[44] *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 726 (5th Cir. 2018).
[45] *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).
[46] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).
[47] R. Doc. 22 at ¶¶ 1-30, pp. 1-9.
[48] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).
[49] *Langbecker v. Elec. Data Sys. Corp.*, 476 F.3d 299, 307 (5th Cir. 2007).
[50] 29 U.S.C. § 1109(a).

beneficiaries are provided equitable remedies in the case of a breach of fiduciary duty "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan,[51] or (B) to obtain other appropriate equitable relief (i) to redress such violations."[52] Plaintiffs seek the equitable remedies of (1) "surcharge in the amount lost due [to] the breaches claimed,"[53] and (2) "a formal accounting of all premiums collected and accepted."[54]

Traditionally, courts limited equitable relief under ERISA to the "kinds of remedies typically available at equity, such as injunctions, mandamus, or restitution."[55] Until recently, "make-whole" monetary damages like surcharge and accounting were not considered appropriate equitable relief under ERISA.[56] However, in *CIGNA Corp. v. Amara*, the Supreme Court held that surcharge—a form of monetary compensation to redress losses from a breach of fiduciary duty—is available as equitable relief in ERISA actions charging breach of fiduciary duty.[57] Consistent with this expansion, in *Gearlds v. Entergy Services, Inc.*, the Fifth Circuit expressly recognized surcharge as an available equitable remedy in ERISA breach of fiduciary duty claims.[58] Additionally, in *Great-West Life & Annuity Ins. Co. v. Knudson*, the Supreme Court noted that an "accounting for

---

[51] The Plaintiffs do not seek injunctive relief.

[52] 29 U.S.C. §1132; ERISA § 502(a)(3).

[53] R. Doc. 22 at ¶ 29, p. 9.

[54] *Id.* Plaintiffs seek "ERISA estoppel" under Counts One and Three, which are nominally brought pursuant to § 502(a)(3). The Fifth Circuit has recognized ERISA estoppel as an independent cause of action pursuant to its authority to develop federal common law under ERISA. Because Plaintiffs pleaded their ERISA estoppel claims under counts asserted pursuant to §502(a)(3), a provision that also authorizes equitable relief, it is unclear which form of estoppel Plaintiffs are pursuing. The Court assumes, based on Plaintiffs' reference to "ERISA estoppel" and the arguments in their opposition, they are asserting a separate claim under the common law doctrine of ERISA estoppel rather than under § 502(a)(3). If Plaintiffs intended otherwise, they may clarify by requesting leave to amend their complaint. *See* Section II for the Courts analysis of Plaintiffs' ERISA estoppel claim against Medical.

[55] *Gearlds v. Entergy Services, Inc.*, 709 F.3d 448, 450 (5th Cir. 2013).

[56] *Id.*

[57] *CIGNA Corp. v. Amara*, 563 U.S. 421, 442 (2011).

[58] *Gearlds,*, 709 F.3d 448, 452 (5th Cir. 2013).

8

profits" is a form of equitable restitution also available under ERISA.[59] Accordingly, Plaintiffs seek appropriate equitable relief under 29 U.S.C. § 1132(a)(3).

Because Plaintiffs seek the appropriate equitable remedies of surcharge and accounting on the basis of an alleged breach of fiduciary duty, "the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint."[60] The Court must therefore first determine whether Medical was acting as a fiduciary with respect to the alleged conduct.

Under ERISA, an entity is a fiduciary if it is expressly named or designated as a fiduciary "in the plan instrument." [61] If an entity is not expressly named, it will be considered a fiduciary only if it actually exercises discretionary authority or control respecting management of a plan or discretionary authority or responsibility in the administration of a plan as set forth in 29 U.S.C. § 1002(21)(A):

> [An entity] is a fiduciary with respect to a plan to the extent (i) [it] exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) [it] renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) [it] has any discretionary authority or discretionary responsibility in the administration of such plan.[62]

When determining whether an entity acted as a fiduciary by exercising discretionary control and authority in the administration of a plan, it is instructive to consult the

---

[59] *Great-West Life & Annuity Inc. Co. v. Knudson*, 534 U.S. 204, 214, n. 2 (2002).
[60] *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000).
[61] 29 U.S.C. § 1102(a).
[62] 29 U.S.C. § 1002(21)(A). Courts have treated "discretionary authority or discretionary control respecting management" and "discretionary authority or discretionary responsibility in the administration of such a plan" as synonymous. *See, e.g.*, *Varity Corp. v. Howe*, 516 U.S. 489, 502-03 (1996).

Department of Labor's ("DOL") regulation titled "Questions and answers relating to fiduciary responsibility under [ERISA]."[63] The DOL regulation explains that "a person who performs purely ministerial functions . . . for an employee benefit plan within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary."[64] Examples of ministerial, non-fiduciary functions provided by the DOL regulation include:

> (1) Application of rules determining eligibility for participation or benefits; (2) Calculation of services and compensation credits for benefits; (3) Preparation of employee communications material; (4) Maintenance of participants' service and employment records; (5) Preparation of reports required by government agencies; (6) Calculation of benefits; (7) Orientation of new participants and advising participants of their rights and options under the plan; (8) Collection of contributions and application of contributions as provided in the plan; (9) Preparation of reports concerning participants' benefits; (10) Processing of claims; and (11) Making recommendations to others for decisions with respect to plan administration.[65]

If an entity is provided no discretion and merely performs ministerial functions under the plan, similar to the examples provided by the DOL regulation, the entity is not considered a fiduciary.[66] However, if a plan grants discretion to the administrator, or if the administrator exercises discretion in performing administrative services, the administrator acts as a fiduciary and must discharge its duties in accordance with the fiduciary obligations of loyalty, care, diversification of plan assets, and adherence to plan documents.[67]

At the motion to dismiss stage, a plaintiff's claim for equitable relief under ERISA survives if the plaintiff plausibly alleges that (1) the defendant is a fiduciary, (2) the

---

[63] 29 C.F.R. § 2509.75-8.
[64] *Id.*
[65] *Id.*
[66] *Id.*
[67] 29 U.S.C. § 1104(a)(1).

defendant breached its fiduciary duties under ERISA, (3) the breach caused the plaintiff's injury, and (4) the equitable relief sought is appropriate.[68] The Court begins by determining whether the Plaintiffs sufficiently alleged that Medical acted as a fiduciary under ERISA.

### A.    Plaintiffs allege that Medical acted as a fiduciary and breached its fiduciary duty under 29 U.S.C. § 1132(a)(3).

Plaintiffs allege that Medical is a fiduciary.[69] Plaintiffs allege that "Medical is a default plan sponsor under 26 CFR § 1.414(g)-1(b)(1), as it was Karen Lee's employer at the time she was provided life insurance coverage," and that "[f]urther, Medical is a fiduciary under ERISA because it had the responsibility to provide an accurate summary plan description to employees for whom they deducted life insurance premiums from paychecks."[70] Plaintiffs further allege that "Medical exercised fiduciary responsibility under the plan because it exercised control over ERISA plan assets including collected premiums," and "by affirmatively representing to Karen Lee that she had life insurance coverage and by assuming responsibility for obtaining the actual life insurance coverage through an insurance company."[71] Plaintiffs allege that "[t]he 2021 plan document designates R&R Care Solutions (in fact Medical) as the benefits [administrator] responsible for helping insureds to submit claims, which is a discretionary fiduciary function."[72]

---

[68] *Avila v. Metropolitan Life Ins. Co.*, No. 1:24-cv-0242-DAE, 2025 WL 1663104 at *3 (W.D. Tex. June 12, 2025).

[69] R. Doc. 22 at ¶¶ 19-22, pp. 6-7.

[70] *Id.* at ¶ 19, p. 6.

[71] *Id.*

[72] R. Doc. 22 at ¶ 21, p. 6. Plaintiffs allege that R&R and Medical are alter egos of each other, and that Medical has registered the trade name "R&R Care Solutions" with the Louisiana Secretary of State. R. Doc. 22, at ¶ 2, p. 1-2. Because this matter is before the Court on a motion to dismiss, the Court accepts the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Defendants have not contested the accuracy of Plaintiffs' allegations regarding the trade name. Accordingly, for purposes of this order, the Court treats R&R Care Solutions and Medical as the same entity. For clarity, however, the Court

Plaintiffs allege that Medical breached its fiduciary duties due to: "a) failure to notify Karen Lee her life insurance had been terminated; b) failure to institute systems to prevent the collections of premiums for which coverage no longer exists; c) collecting premiums from Karen Lee's paychecks until the time of her death even though the coverage had been terminated (without notifying her of the termination); d) failing to provide Karen Lee with an accurate summary plan description giving her options for coverage portability; e) failing to attempt to attain new life coverage for Karen Lee after the United of Omaha coverage was terminated; f) failing to obtain life coverage that actually covered 2021 employees of Medical like Karen Lee; and g) failing to notify Karen Lee of portability options when the coverage was terminated."[73]

The Court's analysis of Plaintiffs' ERISA claims against Medical under 29 U.S.C. § 1132(a)(3) will proceed as follows. First, the Court will consider whether Plaintiffs sufficiently alleged that Medical acted as a fiduciary and breached a fiduciary duty by failing to implement systems to prevent the improper collection of premiums post-termination and by failing to provide notice of termination and portability options. The Court will then turn to Plaintiffs' remaining allegations that Medical breached its fiduciary obligations by failing to provide a summary plan description and failing to obtain new coverage or secure coverage for its employees post-termination.

---

will address each Defendant—Medical, R&R, and Mr. Weil—separately. The Court also notes that Plaintiffs' alter ego allegations, if accepted as true, are sufficient at this stage to support treating Medical, R&R, and Mr. Weil as alter egos.

[73] R. Doc. 22, at ¶ 17, p. 5.

### 1. Plaintiffs allege that Medical acted as a fiduciary and breached its fiduciary duty.

Under ERISA, an entity is a fiduciary only if it is named or designated as a fiduciary "in the plan instrument," [74] or if it exercises discretion while administering the plan.[75] The Plan, attached to Defendants' motion to dismiss,[76] was issued to R&R Care Solutions as the policyholder.[77] Medical is not a party on the face of the Plan; however, Plaintiffs allege that R&R Care Solutions is a trade name of Medical.[78] Louisiana courts have held that a trade name has no separate existence apart from the entity doing business through that trade name.[79] Accepting Plaintiffs' allegation that R&R Care Solutions is the trade name of Medical as true,[80] the Court analyzes Medical's duty as the policyholder.[81] The Court will now consider the Plan, attached to Defendants' motion to dismiss, and the manner in which it allocates responsibility and confers discretion.

Under the Plan, R&R Care Solutions—and, for purposes of this analysis, Medical—is responsible only for the "legal and tax status" of the Plan and for its "reporting and employment-based design."[82] The Plan expressly reserves to United of Omaha, as the Plan provider, all authority and discretion to construe and interpret the Plan.[83] On its face, then, the Plan appears to foreclose fiduciary liability for Defendants by reserving all

---

[74] 29 U.S.C. § 1102(a)(2).

[75] 29 U.S.C. § 1002(21)(A).

[76] R. Doc. 23-2; R. Doc. 23-3. The Court may consider the Plan in deciding the motion to dismiss because it is referenced in the complaint and central to Plaintiffs' claims. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

[77] R. Doc. 23-2 at p. 1; R. Doc. 23-3 at p. 1.

[78] R. Doc. 22 at ¶ 9, p. 3, ¶ 12, p. 4, and ¶ 21, p. 6.

[79] *Trombley v. Allstate Ins. Co.*, 640 So.2d 815, 817 (La. App. 3 Cir. 1994); *Robinson v. Heard*, 809 So.2d 943, 946 (La. 2002).

[80] Defendants do not dispute this fact. R. Doc. 23-1 at p. 9, n. 39.

[81] R. Doc. 22 at ¶ 21, p. 6.

[82] R. Doc. 23-2 at pp. 24-25; R. Doc. 23-3 at pp. 29-30.

[83] *Id.*

discretionary authority and control to United of Omaha.[84] Nevertheless, "fiduciary status is to be determined by looking at the *actual* authority or power demonstrated, as well as the formal title and duties of the parties at issue."[85] Accordingly, the Court considers not only the roles the Plan formally conferred on Medical but also whether the allegations plausibly show that Medical in fact exercised discretionary authority in administering the Plan.

Although the Plan does not explicitly designate a *plan* administrator, it identifies R&R Care Solutions (and, for this analysis, Medical) as "Benefits Administrator."[86] Plaintiffs argue that, under 29 U.S.C. § 1002(16)(A)(ii), the Plan's failure to designate a plan administrator makes the plan sponsor the default plan administrator.[87] Plaintiffs argue that Medical qualifies as the default plan sponsor under 29 U.S.C. § 1002(16)(B), because, when a plan is established and maintained by a single employer, that employer is deemed the default plan sponsor and, by operation of § 1002(16)(A)(ii), the plan administrator.[88] Plaintiffs allege that "Medical is a default plan sponsor under 26 CFR § 1.414(g)-1(b)(1), as it was Karen Lee's employer at the time she was provided life insurance coverage."[89] Accepting these allegations as true for purposes of this motion to dismiss, Medical is a default plan sponsor and, therefore, the plan administrator.

However, a finding that an employer qualifies as a plan administrator does not end the inquiry. When an employer serves as the plan sponsor and plan administrator, "an employer's fiduciary duties under ERISA are implicated only when it acts in the latter

---

[84] *Id.*
[85] *Landry v. Air Line Pilots Ass'n Inter. AFL-CIO*, 901 F.2d 404, 418 (5th Cir. 1990).
[86] R. Doc. 23-2 at p. 24; R. Doc. 23-3 at p. 29.
[87] *Id.*; 29 U.S.C. § 1002(16)(A)(ii).
[88] 29 U.S.C. § 1002(16)(B).
[89] R. Doc. 22 at ¶ 19, p. 6.

capacity."[90] Even then, fiduciary duties arise only to the extent that the plan administrator exercises discretion in administering the plan.[91] Accordingly, Medical may be held liable as a fiduciary only if the alleged conduct constitutes discretionary fiduciary functions under ERISA and the Plan.[92]

To determine whether the challenged conduct constitutes the exercise of discretionary functions, the Court considers the Plaintiffs' allegations against Medical for breach of fiduciary duty, including: (1) failing to notify Ms. Lee that her life insurance had been terminated; (2) failing to implement systems to prevent the collection of premiums for a terminated plan; (3) continuing to deduct premiums from Ms. Lee's paychecks until her death despite the plan having been terminated, without providing notice of termination; (4) failing to attempt to secure new life insurance coverage for Ms. Lee after United of Omaha terminated the prior policy; (5) failing to obtain life coverage that actually covered Medical's employees, including Ms. Lee; and (6) failing to notify Ms. Lee of portability options upon termination of coverage.

### a.    Plaintiffs plausibly allege that Medical breached a fiduciary duty by failing to implement systems to prevent the improper collection of premiums.

The Court begins by determining whether Medical's alleged failure to implement systems to prevent the improper collection of premiums was a discretionary function under ERISA. Medical argues that it was not acting as a fiduciary, characterizing its conduct as similar to tasks identified by the DOL regulations as ministerial.[93] These regulations provide that "a person who performs purely ministerial functions . . . for an

---

[90] *Beck v. PACE Intern. Union*, 551 U.S. 96, 101 (2007).
[91] 29 U.S.C. § 1002(21)(A).
[92] *Beck*, 551 U.S. at 101.
[93] R. Doc. 23-1 at pp. 10–11.

employee benefit plan within a framework of policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary."[94] In support, Defendants cite the unpublished Fourth Circuit Court of Appeals decision *Moon v. BWX Technologies, Inc.*,[95] in which an employer's failure to notify an employee of benefit ineligibility, while continuing to deduct premiums, was held to be ministerial rather than fiduciary conduct.[96] The Fourth Circuit reasoned that this conduct resembled the ministerial functions listed in the DOL regulations, such as: "[p]reparation of employee communications material," "[o]rientation of new participants and advising participants of their rights and options under the plan," and "[c]ollection of contributions and application of contributions as provided in the plan."[97]

Plaintiffs respond that *Moon* is distinguishable because Defendants were assigned responsibility in the Plan as the Benefits Administrator and that, as the default plan administrator under § 1002(16)(A)(ii), Defendants failed to implement systems to prevent the improper collection of premiums post-termination, thereby exercising discretion and affirmatively misrepresenting to Ms. Lee that she was covered.[98] The Court agrees.[99] Unlike in *Moon*, in which the plan conferred no discretionary authority to the Defendant, the Plan before this Court does expressly provide the employer some authority as Benefits Administrator and default plan administrator. Under ERISA, a plan

---

[94] *Id.*
[95] 577 Fed.Appx. 224 (4th Cir. 2014).
[96] 577 Fed.Appx. 224, 231 (4th Cir. 2014).
[97] 29 C.F.R. § 2509.75-8.
[98] R. Doc. 25 at p. 7.
[99] In addition, the Court notes that *Moon* is an unpublished decision from the Fourth Circuit, and, therefore, is not binding on this Court, but is merely persuasive.

administrator acts as a fiduciary when it exercises discretionary authority or control in plan management.[100]

The Court finds that failing to implement systems to prevent the improper collection of premiums is not merely a clerical task such as processing forms or collecting contributions according to predetermined rules. Rather, the alleged conduct involves establishing policies and procedures for plan administration, in effect plan management, not merely carrying out instructions or policies set by others. Accordingly, Plaintiffs have plausibly alleged that Medical exercised discretion when, acting as the Benefits Administrator and default plan administrator, it implemented inadequate systems for ensuring proper premium collection. Construing the allegations in Plaintiffs' favor and considering the Plan's terms, the Court concludes that Plaintiffs have sufficiently alleged Medical acted as a fiduciary under ERISA when it failed to implement adequate systems to prevent the improper collection of premiums.

Furthermore, Plaintiffs have sufficiently alleged that Medical breached its fiduciary duty of care by failing to implement a system that would prevent the improper collection of premiums post-termination of the Plan. Plaintiffs allege that Medical's failure to establish safeguards against improper premium collection constituted a breach of its discretionary duty to administer the Plan with care. These allegations, taken as true and viewed in the light most favorable to the Plaintiff, plausibly allege a breach of fiduciary duty. Moreover, the collection of premiums, without providing any coverage plainly harmed Plaintiffs. Finally, the fact-intensive nature of fiduciary status cautions against dismissal. At the motion to dismiss stage, when the Plan and ERISA appear to

---

[100] 29 U.S.C. § 1002(21)(A).

assign administrative authority to the employer and Plaintiffs plausibly allege that Defendants performed fiduciary functions pursuant to that discretion, the Court hesitates to foreclose fiduciary status at the motion to dismiss stage.

The Court concludes that Plaintiffs have plausibly alleged fiduciary status, breach of a fiduciary duty, and injury, and this claim will not be dismissed.

> **b.  Plaintiffs plausibly allege that Medical breached its fiduciary duty by failing to notify Ms. Lee of the termination of the Plan or of her portability options.**

Plaintiffs allege Medical acted with discretion as a fiduciary and breached its fiduciary duty by failing to notify Ms. Lee of the Plan's termination or of her portability options. As plan administrator and employer, Medical's fiduciary duties arise only to the extent that it exercises discretion in administering the plan.[101] In *Martinez v. Schlumberger, Ltd*, the Fifth Circuit explained that when an employer serves as a plan administrator, it assumes the fiduciary duty to disclose material facts affecting a beneficiary's interests, particularly when the administrator knows the beneficiary is unaware of those facts but needs them for her protection.[102] Plaintiffs allege that Medical, in its role as plan administrator, received notice of both the Plan's termination and the availability of portability options, yet failed to communicate this information to Ms. Lee.[103] The duty to disclose material facts affecting a participant's interest goes beyond a ministerial act and falls within the discretionary obligations of a fiduciary, as it directly concerns a participant's ability to make informed decisions about coverage.

Accepting these allegations as true, Plaintiffs have sufficiently alleged that Medical acted as a fiduciary and breached its fiduciary duty by failing to notify Ms. Lee of the Plan's

---

[101] 29 U.S.C. § 1002(21)(A).
[102] *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407, 412 (5th Cir. 2003).
[103] R. Doc. 22 at ¶ 9, p. 3.

termination and of her portability options, thereby injuring her and depriving her of the opportunity to port her coverage.[104] Accordingly, Plaintiffs have sufficiently alleged fiduciary status, breach of a fiduciary duty, and injury, and this claim will not be dismissed.

### c.  Plaintiffs plausibly allege that Medical breached its fiduciary duty by failing to provide an accurate summary plan description.

The Court now considers whether Plaintiffs have sufficiently alleged that Medical acted as a fiduciary and breached its duty by failing to provide an accurate summary plan description, even though there had been no request. Defendants argue this claim is barred because ERISA provides a specific statutory enforcement scheme governing the failure to provide summary plan descriptions.[105] According to Defendants, Plaintiffs sued under the wrong provision, asserting that the correct provision is 29 U.S.C. § 1024(b)(4), which requires plan administrators to provide a summary plan description upon a written request, and that any such claim by Plaintiffs would be prescribed.[106] In response, Plaintiffs explain they are bringing their breach of fiduciary duty claim under 29 U.S.C. § 1022(a) and § 1024(b)(1) for failure to provide an accurate summary plan description, as opposed to a claim for penalties for failure to provide plan documents upon written request."[107]

Under 29 U.S.C. § 1022(a), "[a] summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries as provided in section 1024(b) of this title."[108] Section 1024(b)(1) requires that "[t]he administrator shall furnish to each

---

[104] *Id.*
[105] R. Doc. 23-1 at pp. 11-13.
[106] *Id.*
[107] 29 U.S.C. § 1022(a); 29 U.S.C. § 1132(c)(1); R. Doc. 25 at pp. 7-8.
[108] 29 U.S.C. § 1022(a).

participant, and each beneficiary . . . a copy of the summary plan description" by the later of "90 days after he becomes a participant, or (in the case of a beneficiary) within 90 days after he first receives benefits, or . . . 120 days after the plan becomes subject to [ERISA]"[109] This obligation is automatic and does not depend on a request. By contrast, under § 1024(b)(4), a plaintiff may sue for failure to provide a copy of the summary plan description only after making a written request to the administrator.[110]

29 U.S.C. § 1132(a)(1)(A) provides a cause of action for violations of § 1024(b)(4).[111] Plaintiffs allege that, although they requested plan documentation before filing suit, Medical provided only a 2021 plan document and no separate summary plan description.[112] Even though Plaintiffs allege they actually made a request, they maintain their ERISA claim is not pleaded under § 1024(b)(4) for Medical's failure to produce a summary plan description in response to that request.[113] Instead, Plaintiffs bring this claim under § 1024(b)(1), alleging that Medical breached its fiduciary duty by failing to provide Ms. Lee with a summary plan description at the outset of her coverage, and they seek to enforce this claim through the mechanism provided in § 1132(a)(3).[114]

The Supreme Court has recognized that equitable relief under § 1132(a)(3) is available when deficiencies in a summary plan description cause injury. In *CIGNA Corp. v. Amara*, the Court held that an employee misled by his employer's failure to provide a

---

[109] 29 U.S.C. § 1024(b)(1).

[110] 29 U.S.C. § 1024(b)(4) provides that "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description." *Id.*

[111] 29 U.S.C. § 1132(a)(1)(A). This section provides a cause of action for "the relief provided for in subsection (c) of this section." *Id.* Subsection (c)(1) provides that any administrator "who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . may in the court's discretion be personally liable to such participant or beneficiary." *Id.* at (c)(1). Because § 1024(b)(4) is in the same subchapter as § 1132, violations of § 1024(b)(4) may be enforced through the cause of action provided in § 1132(a)(1)(A).

[112] R. Doc. 22 at ¶ 16, p. 5.

[113] *Id.* at ¶ 16-24, pp. 5-7; R. Doc. 25 at p. 8.

[114] *Id.* at ¶¶ 17-24, pp. 5-7; R. Doc. 25 at p. 8.

proper summary plan description could obtain equitable remedies under § 1132(a)(3).[115] Consistent with that principle, the Fifth Circuit in *Manuel v. Turner Industries Group, L.L.C.*, confirmed that injuries stemming from failures to provide proper summary plan descriptions are cognizable under § 1132(a)(3).[116] Plaintiffs allege that Medical, acting as a fiduciary, breached its duty by failing to provide a summary plan description to Ms. Lee at the outset of her coverage.[117] Plaintiffs allege this failure injured Ms. Lee by depriving her of material information regarding her benefits, portability options, and conditions for termination of coverage.[118] Accepting these allegations as true, Plaintiffs plausibly allege that this omission was a breach of Medical's fiduciary duty, and caused injury.

Accordingly, because Plaintiffs plausibly allege that Medical breached its fiduciary duties and caused injury, and because the requested equitable remedies are appropriate under ERISA,[119] the Court finds that Plaintiffs have sufficiently stated claims for breach of fiduciary duty based on the alleged failure to provide a summary plan description to Ms. Lee at the outset of her coverage, and this claim will not be dismissed.

### 2. Plaintiffs claim that Medical breached its fiduciary duty by failing to obtain new coverage post-termination and by failing to secure coverage for Medical employees will be dismissed.

#### a. Plaintiffs have failed to state a cause of action for Medical's breach of a fiduciary duty by failing to obtain new life coverage post-termination.

Plaintiffs allege that Medical breached its fiduciary duty by failing to attempt to obtain new life coverage for Ms. Lee after the United of Omaha policy was terminated. As

---

[115] *CIGNA Corp. v. Amara*, 563 U.S. 421, 443-44 (2011).
[116] *Manuel v. Turner Industries Group, L.L.C.*, 905 F.3d 859, 865-66 (5th Cir. 2018).
[117] R. Doc. 22 at ¶¶ 17-24, pp. 5-7.
[118] *Id.* at ¶¶ 13-23, pp. 4-7.
[119] *See supra* Section I, *supra*, at pp. 8-9, for the Court's discussion of whether the requested equitable remedies are appropriate under ERISA.

the Supreme Court has recognized, "[n]othing in ERISA requires employers to establish employee benefits plans."[120] Moreover, the plain language of ERISA provides that an entity acts as a fiduciary only "with respect to a plan."[121] Read together, these principles establish that because employers have no duty under ERISA to create a plan, and fiduciary duties exist only while a plan is in effect, Medical could not have been acting in a fiduciary capacity by failing to secure coverage after the Plan was terminated. Accordingly, Plaintiffs fail to state a cognizable ERISA claim based on this conduct, and this claim will be dismissed with prejudice.

> **b.    Plaintiffs have failed to state a cause of action for Medical's breach of a fiduciary duty by failing to secure coverage for Medical's employees.**

Plaintiffs further allege that Medical breached a fiduciary duty by failing to secure life coverage for its employees, including Ms. Lee. This argument appears to rest on the fact that the Plan was issued to R&R Care Solutions. That theory is contradicted by Plaintiffs' own allegations, which acknowledge that Ms. Lee was in fact covered under the Plan issued to R&R Care Solutions, the trade name of Medical.[122] As noted above, Louisiana courts have held that a trade name has no separate existence apart from the entity doing business through that trade name.[123] Because the Plan was issued to R&R Care Solutions—a trade name of Medical—the Plan was in fact issued to Medical. Plaintiffs' allegation therefore amounts to an admission that Ms. Lee was covered under her employer's Plan, even if the Plan listed the employer's trade name rather than its

---

[120] *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996).
[121] 29 U.S.C. § 1002(21)(A).
[122] R. Doc. 22 at ¶ 9, p. 3; R. Doc. 25 at p. 2.
[123] *Trombley v. Allstate Ins. Co.*, 640 So.2d 815, 817 (La. App. 3 Cir. 1994); *Robinson v. Heard*, 809 So.2d 943, 946 (La. 2002).

corporate name. Plaintiffs' admission that Ms. Lee was covered is inconsistent with their claim that Medical failed to secure coverage, and the claim cannot stand.

In any event, the claim also fails as a matter of law. As explained,[124] employers have no duty to establish employee benefit plans. Accordingly, a claim for failure to provide life insurance coverage is not a cognizable cause of action under ERISA. For these reasons, this claim will be dismissed with prejudice.

## II.    Count One: Plaintiffs' claims against Medical for ERISA estoppel under common law will not be dismissed.

The Fifth Circuit has recognized ERISA estoppel as an independent cause of action pursuant to its authority to develop federal common law under ERISA.[125] Plaintiffs seek ERISA estoppel, asking the Court to prohibit Defendants from "stating no coverage was in place and Lee and her beneficiaries are not eligible for any life insurance proceeds."[126] Plaintiffs allege that Ms. Lee reasonably relied on Medical's representations and the continued deduction of premiums from her paychecks to support her belief that life insurance coverage existed.[127] Plaintiffs allege that Ms. Lee relied on these assurances to her detriment and suffered harm when the Plan was terminated, and that Medical should therefore be estopped from denying coverage and from asserting that Ms. Lee and her beneficiaries are ineligible for life insurance proceeds.[128]

"To establish an ERISA-estoppel claim, a plaintiff must establish: (1) a material misrepresentation; (2) reasonable and detrimental reliance upon the misrepresentation;

---

[124] *See supra* Section I.A.2.a.

[125] *Mello v. Sara Lee Corp.*, 431 F.3d 440, (5th Cir. 2005).

[126] R. Doc. 22 at ¶ 24, p. 7. The Court need not determine Medical's fiduciary status with respect to Plaintiffs' ERISA estoppel claim, as fiduciary status is required only for claims brought under §502(a)(3) for breach of fiduciary duty.

[127] R. Doc. 22 at ¶ 24, p. 7.

[128] *Id.*

and (3) extraordinary circumstances."[129] A misrepresentation is material where there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed decision.[130] Material misrepresentations can be made through informal documents—that is, documents other than the plan itself.[131]

Plaintiffs allege that Medical materially misrepresented the existence of coverage by continuing to deduct premiums from Ms. Lee's paychecks post-termination, with those representations reflected in her pay stubs.[132] In an action strikingly similar to this one, *Talasek v. National Oilwell Varco, L.P.*, the Fifth Circuit held that an employer materially misrepresented the existence of coverage when it continued deducting premiums from an employee's paycheck.[133] The Court finds that Plaintiffs have sufficiently alleged that, by providing Ms. Lee with pay stubs showing premium deductions, Medical materially misrepresented the existence of coverage post-termination.

Next, the Court considers whether Plaintiffs have sufficiently alleged that Ms. Lee reasonably and detrimentally relied on the misrepresentation. In the Fifth Circuit, an employee cannot reasonably rely on informal documents when the terms of the plan are unambiguous.[134] However, accepting the allegations as true, Ms. Lee was never provided a copy of the Plan or a summary plan description, so she did not have the benefit of examining the Plan herself. She was never notified that the Plan had been cancelled or of her right to port coverage. The Court finds Plaintiffs have adequately alleged detrimental reliance, as Plaintiffs allege that Ms. Lee's reliance on the misrepresentation deprived her

---

[129] *Mello*, 431 F.3d at 444-45.
[130] *Talasek v. National Oilwell Varco, L.P.*, 16 F.4th 164, 168 (5th Cir. 2021).
[131] *Mello*, 431 F.3d at 445.
[132] R. Doc. 22, ¶ 24 at p. 7.
[133] *Talasek*, 16 F.4th at 168.
[134] *Talasek*, 16 F.4th at 169.

of any opportunity to port coverage and resulted in the loss of her life insurance. Having plausibly alleged both a material misrepresentation and reasonable, detrimental reliance, the Court turns to whether Plaintiffs plausibly alleged extraordinary circumstances exist.

Extraordinary circumstances may exist when there is "bad faith, fraud, or concealment, as well as possibly when a plaintiff repeatedly and diligently inquired about benefits and was repeatedly misled or when misrepresentations were made to an especially vulnerable plaintiff."[135] Plaintiffs allege that Medical failed to provide Ms. Lee with a summary plan description, that Medical received notice of the Plan's termination but failed to notify Ms. Lee of that termination, and that Medical continued deducting premiums from her paychecks until her death.

Accepting these allegations as true and construing them in Plaintiffs' favor, the Court concludes that the sequence of events—an employee knowingly left unaware of her rights and benefits under the Plan, or of its termination, while Mr. Weil, as owner of Medical (which does business under the trade name R&R Care Solutions, the entity named in the Plan) and R&R, received notice and a sample letter to send to employees— reasonably supports an inference of bad faith and concealment by Medical. Plaintiffs have plausibly alleged that Ms. Lee was rendered especially vulnerable, through no fault of her own, to the loss of her life insurance, rising to the level of extraordinary circumstances. Accordingly, the Court finds that Plaintiffs have sufficiently alleged an ERISA estoppel claim against Medical and will deny the motion to dismiss as to this claim.

---

[135] *Cell Sci. Sys. Corp. v. La. Health Serv.*, 804 Fed.App'x 260, 266 (5th Cir. 2020).

III.    **Count Two: Plaintiffs' claims for breach of fiduciary duty against R&R seeking surcharge and accounting under 29 U.S.C. § 1132(a)(3) based on failure to notify of termination and portability options and failure to provide an accurate summary plan description will not be dismissed.**

Plaintiffs also assert breach of fiduciary duty claims against R&R, in its capacity as a separate corporation and as an alter ego of Medical and Mr. Weil, alleging violations identical to two of those brought against Medical but seeking only the equitable remedies of accounting and surcharge.[136]

To begin, the Court addresses the sufficiency of Plaintiffs' allegations that R&R is the alter ego of Medical and Mr. Weil. When corporations constitute a single business enterprise, a court may "disregard the concept of corporate separateness and extend liability to each of the affiliated corporations."[137] A single business enterprise exists when a corporation is found to be the alter ego of another corporation.[138] Plaintiffs allege that "R&R and Medical are alter-egos of each other, as they are engaged in a similar business, have common ownership, and employees and insurance coverage were transferred between the two entities."[139] Plaintiffs allege that Mr. Weil "failed to observe the proper corporate formalities and failed to operate R&R and Medical as separate entities."[140]

Plaintiffs allege that "[t]he imposition of alter-ego and personal liability is appropriate in this case based on the unique facts of this case and based on the fact that to limit liability to one corporation in this case would frustrate the purposes of ERISA."[141] On a motion to dismiss, these allegations are sufficient to plausibly support the conclusion

---

[136] R. Doc. 22 at ¶ 25, p. 7.
[137] *Brown v. Auto. Cas. Ins. Co.*, 644 So.2d 723, 727 (La. App. 1st Cir. 1994)
[138] *Dishon v. M. Ponthie*, 918 So.2d 1132, 1135 (La. App. 3d Cir. 2005).
[139] R. Doc. 22 at ¶ 2, pp. 1-2.
[140] *Id.* at ¶ 11, pp. 3-4.
[141] *Id.* at ¶ 12, p. 4.

that R&R acted not only in its own right, but also as the alter ego of Medical and Mr. Weil. Accordingly, the Court treats R&R as the alter ego of Medical and Mr. Weil for purposes of this analysis.

Plaintiffs seek the same equitable remedies against R&R as they do against Medical based on the same conduct. The conduct challenged here—failure to notify of termination and portability options and failure to provide an accurate summary plan description—is identical to conduct Plaintiffs alleged against Medical. Because the allegations against R&R's alter ego Medical have been found to be sufficient to survive a motion to dismiss based on claims that it acted as a fiduciary and breached its fiduciary duties, the same is true of R&R.

Accordingly, Plaintiffs claims against R&R for breach of fiduciary duty based on failure to notify of termination and portability and failure to provide an accurate summary plan description will not be dismissed.

## IV. Count Two: Plaintiffs' claims for breach of fiduciary duty against R&R seeking surcharge and accounting under 29 U.S.C. § 1132(a)(3) based on collection of premiums post-termination will be dismissed with prejudice.

Plaintiffs allege that R&R breached its fiduciary duty by failing to attempt to obtain new life coverage for Ms. Lee after the United of Omaha policy was terminated. As the Supreme Court has recognized, "[n]othing in ERISA requires employers to establish employee benefits plans."[142] Moreover, the plain language of ERISA provides that an entity acts as a fiduciary only "with respect to a plan."[143] Read together, these principles establish that because employers have no duty under ERISA to create a plan, and fiduciary

---

[142] *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996).
[143] 29 U.S.C. § 1002(21)(A).

duties exist only while a plan is in effect, R&R could not have been acting in a fiduciary capacity by failing to secure coverage after the Plan was terminated. Accordingly, Plaintiffs fail to state a cognizable ERISA claim based on this conduct, and this claim will be dismissed with prejudice.

## V.  Count Three: Plaintiffs' claims for breach of fiduciary duty against Mr. Weil seeking surcharge and accounting under 29 U.S.C. § 1132(a)(3) for failing to notify Ms. Lee of the termination, representing to Ms. Lee that she had life insurance coverage, and failing to notify Ms. Lee of her portability options will not be dismissed.

Plaintiffs assert breach of fiduciary duty claims against Mr. Weil, in his individual capacity, under a corporate veil piercing theory, and as the alter ego of R&R and Medical. Plaintiffs assert that Mr. Weil breached his fiduciary duties by: "a) failure to notify Karen Lee her life insurance under the R&R policy had been terminated even though the termination letter was addressed to him; b) representing to Karen Lee that she had life insurance coverage, c) choosing to provide Karen Lee coverage through a policy issued to R&R Care Solutions even though Karen Lee was a Medical employee in at least the years 2021 and 2022; and d) failing to notify Karen Lee of portability options when the United of Omaha Life Insurance Company was terminated in 2022."[144]

The Court already  has found the allegations concerning alter ego liability to be sufficient.[145] However, the Court will briefly address the corporate veil piercing theory before analyzing the sufficiency of the breach of fiduciary duty claims against Mr. Weil.

"Corporations function as distinct legal entities, separate from the individuals who own them, and their shareholders are not generally liable for the debts of the

---

[144] R. Doc. 22 at ¶ 27, p. 8. Plaintiffs allege that Mr. Weil breached his fiduciary duty by providing Ms. Lee with coverage through R&R Care Solutions.
[145] *See supra* Section III.

corporation."[146] "Louisiana courts are reluctant to hold a shareholder, officer, or director of a corporation personally liable for corporate obligations, in the absence of fraud, malfeasance, or criminal wrongdoing."[147] Courts consider several factors when determining whether to pierce the corporate veil, including but not limited to: "1) commingling of corporate and shareholder funds; 2) failure to follow statutory formalities for incorporating and transacting corporate affairs; 3) undercapitalization; 4) failure to provide separate bank accounts and bookkeeping records; and 5) failure to hold regular shareholder and director meetings."[148] "When a party seeks to pierce the corporate veil, the totality of the circumstances is determinative."[149]

Plaintiffs allege that Mr. Weil's "actions and inactions in this case justify the imposition of personal liability under ERISA and through the piercing of the corporate veil."[150] Plaintiffs allege that Mr. Weil "should be held personally liable for the fiduciary breaches and other actions of R&R and Medical because he failed to observe corporate formalities, failed to keep the two companies separate, and failed to keep his family's personal affairs separate from these businesses."[151] The Court finds these allegations sufficient, at the motion to dismiss stage, to warrant allowing the veil piercing theory to proceed. This is particularly appropriate given the unavailability of the facts regarding this issue at this stage of the proceeding.

Turning to Mr. Weil's individual breach of fiduciary obligations allegations, Plaintiffs allege that Mr. Weil "is a fiduciary under ERISA" because "[h]e had the

---

[146] *Hollowell v. Orleans Regional Hosp. LLC*, 217 F.3d 379, 385 (5th Cir. 2000) (citing *Riggins v. Dixie Shoring Co.*, Inc., 590 So.2d 1164, 1167 (La. 1991)).
[147] *Riggins v. Dixie Shoring Co.,* 590 So.2d 1164, 1168 (La. 1991).
[148] *Id.*
[149] *Id.* at 1169.
[150] R. Doc. 22 at ¶ 11, pp. 3-4.
[151] *Id.* at ¶ 14, p. 4.

obligation to provide plan participants notice of termination and portability rights because United of Omaha's letter explaining termination and portability rights was addressed to him."[152] Plaintiffs allege that Mr. Weil "exercised fiduciary responsibility by affirmatively representing to Karen Lee that she had life insurance coverage and by assuming responsibility for obtaining the actual life insurance coverage through an insurance company."[153] Plaintiffs allege that Mr. Weil "also exercised discretion in how life insurance would be obtained for employees of R&R and Medical, both companies he owned."[154]

The Court finds that Plaintiffs plausibly allege fiduciary status and breach with respect to Mr. Weil's failure to notify Ms. Lee of termination and portability options and his representations regarding her coverage.[155] Plaintiffs allege that Mr. Weil received direct notice of the Plan's termination yet failed to inform Ms. Lee, and that he affirmatively represented she remained insured.[156] Under *Martinez v. Schlumberger, Ltd.*, such nondisclosure and misrepresentation of material facts plausibly constitute discretionary fiduciary conduct. Accepting the allegations as true, Plaintiffs have adequately pleaded fiduciary status, breach, and resulting injury against Mr. Weil. This claim will not be dismissed.

---

[152] *Id.* at ¶ 28, p. 8.
[153] R. Doc. 22 at ¶ 28, p. 8.
[154] *Id.*
[155] *Id.*
[156] *Id.*

**VI.    Count Three: Plaintiffs' claims for breach of fiduciary duty against Mr. Weil seeking surcharge and accounting under 29 U.S.C. § 1132(a)(3) for failing to provide coverage in the name of Medical will be dismissed with prejudice.**

Plaintiffs' allegation that Medical breached its fiduciary duty by choosing to provide coverage to Ms. Lee through a policy issued by United of Omaha to R&R Care Solutions, even though she was an employee of Medical in at least the years 2021 and 2022, is similar to her claim against Medical that it failed to secure life coverage for its employees because the policy was issued to R&R Care Solutions. This argument appears to rest on the fact that the Plan was issued to R&R Care Solutions rather than Medical. That theory is contradicted by Plaintiffs' own allegations, which acknowledge that Ms. Lee was in fact covered under the Plan issued to R&R Care Solutions, the trade name of Medical.[157]

As noted above, Louisiana courts have held that a trade name has no separate existence apart from the entity doing business through that trade name.[158] Because the Plan was issued to R&R Care Solutions—a trade name of Medical—the Plan was in fact issued to Medical. Plaintiffs' allegation therefore amounts to an admission that Ms. Lee was covered under her employer's Plan, even if the Plan listed the employer's trade name rather than its corporate name. Plaintiffs' admission that Ms. Lee was covered is inconsistent with their claim that Mr. Weil breached a fiduciary duty by placing the coverage in the trade name of R&R Care Solutions. Moreover, the Court reiterates that ERISA imposes fiduciary duties only with respect to an existing plan, and because employers have no duty to create or maintain a plan, this allegation does not state a claim

---

[157] *Id.* at ¶ 9, p. 3; R. Doc. 25 at p. 2.
[158] *Trombley v. Allstate Ins. Co.*, 640 So.2d 815, 817 (La. App. 3 Cir. 1994); *Robinson v. Heard*, 809 So.2d 943, 946 (La. 2002).

for breach of fiduciary duty. Accordingly, Plaintiffs' claim that Mr. Weil breached his fiduciary duty by failing to secure coverage through Medical will be dismissed with prejudice.

## VII.    Count Three: Plaintiffs' claims against Mr. Weil for ERISA estoppel under common law will not be dismissed.

As with Medical, Plaintiffs also assert an ERISA estoppel claim against Mr. Weil, alleging that he materially misrepresented the existence of coverage by deducting premiums, assuring Ms. Lee she remained insured, and by failing to notify her of termination or portability options despite receiving direct notice.[159] Plaintiffs further allege that Ms. Lee reasonably relied on these representations to her detriment, losing the opportunity to port her coverage.[160] For the reasons stated above in Section II, and construing the allegations in Plaintiffs' favor, the Court concludes that Plaintiffs have plausibly alleged material misrepresentation, reasonable and detrimental reliance, and extraordinary circumstances. Accordingly, Plaintiffs' ERISA-estoppel claim against Mr. Weil survives the motion to dismiss.

## VIII.    The motion to dismiss Plaintiffs' claims under Louisiana law for breach of fiduciary duty, breach of contract, and detrimental reliance will be granted, but without prejudice.

Defendants seek dismissal of Plaintiffs' Louisiana state law claims for breach of fiduciary duty, breach of contract, and detrimental reliance arguing the fiduciary duty claim is prescribed and the contract claim fails because no contract existed between Ms.

---

[159] R. Doc. 22 at ¶ 30, p. 9.
[160] *Id.*

Lee and Defendants.[161] The Court need not reach those arguments, as the claims are preempted by ERISA and must be dismissed on that basis.[162]

Preemption under ERISA occurs in two ways—complete and conflict.[163] Complete preemption operates as an exception to the well-pleaded complaint rule, providing an avenue for removal to federal court even when the petition does not affirmatively allege a federal cause of action.[164] ERISA is afforded this extraordinary preemptive effect because Congress enacted a comprehensive enforcement mechanism under 29 U.S.C. § 1132(a), essential to accomplishing ERISA's purpose of comprehensively regulating employee benefit plans.[165] Therefore, complete preemption functions to confer federal jurisdiction over state-law claims that are, in reality, ERISA claims.[166] Complete preemption itself is not a grounds for dismissal, rather it is jurisdictional in nature.[167] Accordingly, "[w]here a state law claim merely duplicates the remedies provided in § 502(a), the state law claim is completely preempted and will be recharacterized as a federal claim under § 502(a)."[168]

---

[161] R. Doc. 23-1, at pp. 14-18. Defendants do not present any argument specifically addressing whether Plaintiffs' detrimental reliance claim should be dismissed. However, Defendants do argue that *all* state law claims should be dismissed if the Court dismisses Plaintiffs' federal claims for lack of subject matter jurisdiction. That argument fails as a matter of law because, as explained in *infra* Section IX, the Court retains discretion to exercise supplemental jurisdiction over state law claims even if all federal claims are dismissed.

[162] Defendants argue that the state law breach of fiduciary duty claim is "at its core no different than the ERISA breach of fiduciary duty claim." R. Doc. 23-1, at p. 15.

[163] *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). The Court does not reach conflict preemption because it finds that Plaintiffs' state law claims are completely preempted. Moreover, unlike complete preemption, which is jurisdictional in nature, conflict preemption operates as an affirmative defense that Defendants must plead and prove. *Simmons v. Sabine River Auth. Louisiana*, 732 F.3d 469, 473 (5th Cir. 2013).

[164] *Ford v. Freemen*, 388 F.Supp.3d 692, 699 (N.D. Tex. 2019).

[165] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208-09 (2004).

[166] *Woods v. Texas Aggregates, L.L.C.*, 459 F.3d 600, 603 (5th Cir. 2006).

[167] *Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex., Inc.*, 16 F.Supp.3d 767, 780 (S.D. Tex. 2014) (citing *Loffredo v. Daimler AG*, 500 Fed.Appx. 491, 501 (6th Cir. 2012)).

[168] *Woods*, 459 F.3d at 603.

When determining whether claims are completely preempted, courts first ask whether the plaintiff could have originally brought the state-law claim under ERISA.[169] If so, complete preemption applies when the cause of action did not arise independently from a separate legal duty but instead derives solely from duties established by ERISA.[170]

First, the Court will determine whether Plaintiffs' breach of fiduciary duty claim is completely preempted. Plaintiffs allege that Defendants acted as fiduciaries by deducting premiums but failing to remit them to the insurance company, thereby fraudulently converting Ms. Lee's assets.[171] The first prong of the analysis is satisfied because Plaintiffs did, in fact, bring breach of fiduciary duty claims under ERISA based on the same conduct.[172] The second prong of the analysis is likewise satisfied because the cause of action would not have arisen absent Ms. Lee's status as a participant of an ERISA governed plan; the legal duty is implicated solely by the legal relationships established under the Plan. Accordingly, Plaintiffs' state law claim for breach of fiduciary duty is completely preempted.

Because Plaintiffs originally brought their state law claims in federal court, the Court must address how to treat the Louisiana breach of fiduciary duty claim once it is recharacterized as an ERISA claim. The Fifth Circuit has not directly ruled on "the appropriate course of action for claims found to be completely preempted," although it did discuss the approaches that district courts have taken.[173] "Most hold that complete preemption results in dismissal of the state-law claim, even though they typically allow

---

[169] *Ford*, 388 F.Supp.3d at 699-700.
[170] *Id.*
[171] R. Doc. 22 at ¶ 32, pp. 9-10.
[172] *Id.* at ¶¶ 17-30, pp. 5-9.
[173] *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 598 n.62 (5th Cir. 2015).

plaintiffs to replead and assert the dismissed state law claims as federal claims."[174] The Fifth Circuit did observe that one of its previous decisions "appears to provide support for the dismissal approach."[175] The Court finds additional support for dismissal of the state law claim because Plaintiffs have pending ERISA breach of fiduciary duty claims. Treating this claim as an additional ERISA breach of fiduciary duty claim would be duplicative and unnecessary.[176] As a result, the Court dismisses the state law breach of fiduciary duty claim without prejudice. Plaintiffs are granted leave to replead this claim as a federal claim.[177]

The Court next considers whether Plaintiffs' Louisiana breach of contract claim is completely preempted. Plaintiffs allege that Defendants entered into a contract with Karen Lee whereby premiums were deducted from her paycheck in exchange for life insurance coverage.[178] Plaintiffs allege that Karen Lee performed her contractual obligations by paying the agreed-upon premiums, but Defendants breached the contract by failing to obtain coverage for Ms. Lee.[179]

The first prong of the complete preemption test is satisfied because Plaintiffs could have brought this claim under ERISA. At its core, the claim challenges the failure to provide life insurance benefits, a cause of action that falls squarely within ERISA's civil enforcement provision.[180] The second prong is also satisfied, as the claim does not arise

---

[174] *Id.* The Fifth Circuit noted that one district court adopted a different approach, treating the claim as a properly asserted federal claim and adjudicating it on the merits. *Id.*

[175] *Id.* (citing *GlobeRanger Corp. v. Software AG*, 691 F.3d 702, 706 (5th Cir. 2012).

[176] For the Court's analysis on Plaintiffs' breach of fiduciary duty claims see *supra* Section I to Section VI.

[177] The Court notes, however, that it appears duplicative of the ERISA breach of fiduciary duty claims already brought. If Plaintiffs intended to assert a distinct ERISA breach of fiduciary duty claim, they may clarify that in their amended complaint.

[178] R. Doc. 22 at ¶ 33, p. 10.

[179] *Id.*

[180] § 502(a)(1) provides that a civil enforcement action may be brought by a participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

independently from any separate legal duty. Rather, the obligation to provide life insurance coverage exists solely because of the ERISA-governed employee benefit plan. Without the plan, no duty to provide coverage would exist. Accordingly, the Court finds that Plaintiffs' breach of contract claim also is completely preempted by ERISA. Therefore, Plaintiffs' breach of contract claim, properly recharacterized as a denial of benefits claim, is dismissed without prejudice. Plaintiffs are granted leave to amend their complaint to replead their claim under ERISA.[181]

The Court now considers whether Plaintiffs' Louisiana detrimental reliance claim is completely preempted. Plaintiffs allege that Ms. Lee reasonably relied on Defendants' representations that she was being provided life insurance coverage, and on the fact that premiums were deducted from her paycheck to her detriment, as she did not make any other arrangements for life insurance coverage.[182]

For the same reasons set forth in the Court's analysis of the breach of contract claim, the Court finds that Plaintiffs' detrimental reliance claim also is completely preempted by ERISA. The claim, like the breach of contract claim, seeks recovery for the alleged failure to provide life insurance benefits and depends entirely on duties arising from the ERISA-governed plan. Accordingly, the claim is dismissed without prejudice, and Plaintiffs are granted leave to amend their complaint to replead the claim under ERISA.[183]

---

[181] If Plaintiffs choose to amend, the Court cautions them to be wary: as they may not pursue claims under § 502(a)(1)(B) and § 502(a)(3) simultaneously unless each claim is based on a distinct injury. *Manuel v. Turner Indus. Grp., L.L.C.*, 705 F.3d 859, 865 (5th Cir. 2018). Generally, bringing a claim under § 502(a)(1)(B) forecloses relief under § 502(a)(3), because (a)(3) is unavailable when another ERISA provision provides "an adequate mechanism for redress." *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 733-34 (5th Cir. 2018).

[182] R. Doc. 22 at ¶ 34, p. 10.

[183] *See infra* n. 182.

## IX.    There are no state law claims over which the Court could exercise supplemental jurisdiction.

Finally, Defendants argue that, if the Court dismisses all of Plaintiffs' federal claims, "the Court lacks subject matter jurisdiction and must dismiss the case."[184] The Court first notes that argument is incorrect. Under 28 U.S.C. § 1367(c), "[t]he district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."[185] The Supreme Court has made clear that this statute confers discretion: "Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion . . . to retain jurisdiction."[186] Additionally, the Supreme Court has noted that an order declining supplemental jurisdiction "is not based on a lack of subject-matter jurisdiction."[187]

In any event, the Court has dismissed Plaintiffs' state law claims without prejudice and granted Plaintiffs leave to amend their complaint if they wish to replead their state law claims as federal claims. Accordingly, there are no state law claims over which the Court could exercise supplemental jurisdiction.

## <u>CONCLUSION</u>

**IT IS ORDERED** that the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion to dismiss Plaintiffs' claims in Count One for failure to obtain new insurance coverage post-termination and for failure

---

[184] R. Doc. 23-1 at p. 14.
[185] 28 U.S.C. § 1367(c) (emphasis added).
[186] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).
[187] *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 641 (2009).

to secure insurance coverage is **GRANTED**, and those claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss the remainder of Plaintiffs' claims in Count One is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to dismiss Plaintiffs' claims in Count Two based on failure to notify of termination and portability and failure to provide an accurate summary plan description is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to dismiss Plaintiffs' claims in Count Two based on the collection of premiums post-termination is **GRANTED**, and that claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss Plaintiffs' claims in Count Three for providing the insurance coverage in the name of R&R Care Solutions rather than Medical is **GRANTED**, and that claim will be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss the remainder of Plaintiffs' claims in Count Three is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' state law claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs are **GRANTED LEAVE** to replead their state law claims as federal claims on or before **October, 18, 2025**.

**New Orleans, Louisiana this 16th day of October, 2025.**

_Susie Morgan_
_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**